UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JEROME T. DAVIS,

        Petitioner,

          v.                          Case No.  12-C-0680

BYRAN BARTOW,

        Respondent.

ORDER SCREENING PETITION, DENYING WITHOUT PREJUDICE PETITIONER'S
REQUEST FOR APPOINTMENT OF COUNSEL, DENYING AS MOOT PETITIONER'S
MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING A RESPONSE

On July 3, 2012, Jerome T. Davis filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution.  Davis was convicted in Milwaukee County Circuit Court of Wisconsin and was sentenced to 10 years of imprisonment and 8 years of extended supervision.  He is incarcerated at Kettle Moraine Correctional Institution.[1]

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.  The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1]Petitioner's motion indicates that he is confined at the Wisconsin Resource Center.

Davis asserts that he was provided with ineffective assistance from his trial counsel. He claims, among other things, that his counsel failed to attend a meeting that she coordinated. As a result, Davis allegedly met with three detectives and a district attorney without counsel present. He also claims that his appellate counsel was ineffective because he knew or should have known that the petitioner's trial counsel was ineffective and counsel failed to raise the issue or preserve petitioner's rights. Ineffective assistance of counsel is a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, Davis' claims are at least colorable constitutional issues.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. Davis appears to have exhausted his state remedies.

Davis has filed a motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is

"financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649.

The court may request an attorney to represent a person unable to afford counsel. 28 U.S.C. § 1915(e)(1).[2] However, the decision is discretionary. *Pruitt*, 503 F.3d at 653; *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654-55; *Jackson*, 953 F.2d at 1072-73.

Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the

---

[2]In forma pauperis plaintiffs "typically ask judges to 'appoint' counsel, and judges regularly construe motions seeking 'appointment' of counsel . . . as motions seeking the court's assistance under § 1915(e)(1) in recruiting a volunteer." *Pruitt*, 503 F.3d at 654.

3

party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Davis has not met the threshold requirement of establishing that he has looked for counsel to represent him at a reduced or no charge. Therefore, the court will deny his motion without prejudice. After contacting at least five attorneys who handle habeas cases or practice criminal law to no avail Davis may file another such motion, in which he should discuss his attempt to obtain an attorney, his competency to proceed without a lawyer and the complexity of the legal issues.

In addition, the court notes that Davis makes only a brief claim that he is incompetent and cannot represent himself. He will need to discuss more detail in a later motion to persuade the court that the interests of justice require that counsel be appointed.

Lastly, Davis filed a motion for leave to proceed in forma pauperis and has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis is moot. Therefore,

IT IS ORDERED that within sixty days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.

4

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

IT IS FURTHER ORDERED that Davis' request for appointment of counsel is denied without prejudice.

IT IS FURTHER ORDERED that Davis' request for leave to proceed in forma pauperis is denied as moot.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE